# Court of Appeals
## Tenth Appellate District of Texas

10-24-00370-CR

Richard Dennis Lancaster,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
54th District Court of McLennan County, Texas
Judge Susan N. Kelly, presiding
Trial Court Cause No. 1989-24-C2

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Richard Dennis Lancaster pled guilty to the offense of aggravated sexual assault and was sentenced to eight years in prison. *See* TEX. PENAL CODE ANN. § 22.021. He appeals the trial court's denial of his pretrial motion to set aside the indictment. We affirm the trial court's judgment.

In his first issue, Lancaster contends the trial court erred in denying his motion to dismiss his indictment based on a due process violation pursuant to

the State's delay of 30 years between the indictment and his arrest.[1] Lancaster cites to *United States v. Lovasco*, 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977), *United States v. Marion*, 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971), *Smith v. Hooey*, 393 U.S. 374, 89 S. Ct. 575, 21 L. Ed. 2d 607 (1969), and *United States v. Diacolios*, 837 F.2d 79 (2d Cir. 1988) in support of his contention that the State's delay violated the due process clause and required a dismissal of his indictment. The cases cited by Lancaster, however, do not support his issue.

The United States Supreme Court in both *Lovasco* and *Marion* reviewed potential due process violations for *preindictment* delay, not *post-indictment/pre-arrest* delay. *See Lovasco*, 431 U.S. at 790; *Marion*, 404 U.S. at 325. Further, the opinions in *Hooey* and *Diacolios* pertain solely to a Sixth Amendment right to a speedy trial not the denial of due process. *See Hooey*, 393 U.S. at 383; *Diacolios*, 837 F.2d at 80. In other words, Lancaster has presented this Court with no case authority to support his issue that the trial court erred. *See* TEX. R. APP. P. 38.1(i); *Neville v. State*, 622 S.W.3d 99, 104 (Tex. App.—Waco 2020, no pet.). Thus, this issue is improperly briefed and presents nothing for review. *See id.*; *Solis v. State*, No. AP-77,109, 2025 Tex. Crim. App. LEXIS 795, at *35 (Crim. App. Oct. 30, 2025) (publish); *Lucio v.*

---

[1] Lancaster raised a Sixth Amendment right to speedy trial claim as well as the due process claim in the trial court. However, on appeal, he only challenges the trial court's determination of his due process claim.

*State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011).

Lancaster's first issue is overruled.

In his second issue, Lancaster complains the trial court did not prepare findings of fact and conclusions of law as requested, and thus, we should require the trial court to do so. The State asserted in its brief that the appellate record does not contain a request for findings of fact and conclusions of law. Lancaster has not contested the State's assertion, and we have not found any request in the record as well.[2] Thus, because there is nothing in the record to indicate Lancaster requested findings of fact and conclusions of law, this issue is not preserved and is overruled. *See* TEX. R. APP. P. 33.1.

Having overruled each issue on appeal, we affirm the trial court's judgment.

_____

LEE HARRIS
Justice



OPINION DELIVERED and FILED: March 19, 2026

Before  Justice Smith,
        Justice Harris, and
        Senior Chief Justice Rose[3]
Affirmed
Do Not Publish
CR25

---

[2] The record contains a motion for extension of time to file a request for findings of fact and conclusions of law and a notice of past due findings and conclusions; but it does not contain the required request.

[3] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.